MATTER OF JONG DIING LIU

In DEPORTATION Proceedings

A-12559657

*Decided by Board July 13, 1962*

Revocation of a nonimmigrant visa by the Department of State under section 221(i) of the 1952 Act and 22 CFR 41.134, after respondent's entry into the United States, automatically terminates his legal status in this country. (8 CFR 214.1(b)) Deportability is established upon his failure to depart within the period given him to do so.

CHARGES:

Order: Section 241(a)(2), I. & N. Act (8 U.S.C. 1251(a)(2))—Remained longer—nonimmigrant

Section 241(a)(1), I. & N. Act (8 U.S.C. 1251(a)(1))—Excludable—visa obtained by fraud

Lodged: None

This is an appeal from the order of the special inquiry officer finding the respondent deportable upon both grounds stated above and denying his application for voluntary departure as a matter of discretion. Respondent is found deportable on the first ground and voluntary departure is granted.

Respondent, a 33-year-old married male, a native and citizen of China, received a visitor's visa to come to the United States from the American Consular Unit at Okinawa on September 1, 1961; he entered the United States on the same date and was admitted as a visitor to October 1, 1961. On September 11, 1961, his status was changed to that of a student and his stay was extended to February 12, 1962.

Section 221(i) of the Immigration and Nationality Act (8 U.S.C. 1201(i)) authorizes the revocation of a visa by the Department of State. Section 41.134 of Title 22 provides for the revocation of nonimmigrant visas *ab initio* where the visa was obtained improperly or the alien was ineligible to receive the visa at the time of issuance; these regulations provide that a nonimmigrant visa may be revoked even if the alien is in the United States at the time action is taken.

11

Having concluded that the respondent obtained his nonimmigrant visa by concealing from the consular officer the fact that his wife was in the United States, the consular officer revoked the visa on November 8, 1961. The respondent appeared at the Immigration Office on January 25, 1962 at which time the visa was invalidated and the respondent informed that he must depart from the United States by February 28, 1962. Termination of legal stay in the United States was based upon 8 CFR 214.1(b) which states in pertinent part that—

Within the period of initial admission or extension of stay, the nonimmigrant status of an alien shall be terminated by * * * the revocation and invalidation of his visa pursuant to section 221(i) of the Act. (26 F.R. 12067, December 16, 1961.)

Counsel argues that the Department of State had no authority to revoke a visa in the case of an alien in the United States unless the alien had a multiple entry visa which would still be good and had not expired. He has forwarded a copy of a letter received from the Department of State which reveals under the date May 16, 1962, the Department of State has been advised by the Service that the revocation of the visa "will not in itself be used as the basis to terminate his nonimmigrant status." The Service representative argued that the revocation of the visa had nothing to do with the fact that the respondent was deportable for having remained after the time for which his stay was authorized in the United States.

The record establishes that the Service officers in the field believed that respondent's stay in the United States was automatically terminated by the revocation of the visa. Both the investigator who handled the case and his superior reveal the belief that section 214.1(b) was controlling and that it was self-executing requiring no further action to terminate respondent's student status (pp. 24, 27, 30, 33). Indeed the regulation can be interpreted in no other manner. It removes respondent's legal status in the United States and leaves nothing for the Service to grant him but a stay of deportation.

While it appears to us that the Immigration and Nationality Act contemplates that deportation for having procured a visa by fraud or having been ineligible for the issuance of a visa should be a matter to be determined by the Service under the safeguards of a deportation hearing with a final decision by the Attorney General (section 242(a), Immigration and Nationality Act, 8 U.S.C. 1252), rather than upon a finding by the Department of State without a hearing being afforded the alien, we are bound by the terms of 8 CFR 214.1(b) which appears to allocate to the Board the sole function on appeal of determining whether or not there was a revocation or invalidation of the visa. The record establishes the respondent's nonimmigrant visa was revoked. His status in the United States has been automatically ter-

12

minated. He had no right to remain beyond the period which was given to him to depart. He has failed to depart. The first charge must be sustained. Counsel's contention that the Department of State cannot revoke this visa must be addressed to the attention of that Department.

The second charge will not be sustained. The record does not contain the documents executed by respondent. Respondent applied for voluntary departure. He is willing and able to depart voluntarily. Voluntary departure will be granted.

**ORDER:** It is ordered that the outstanding order of deportation be withdrawn and the alien be permitted to depart from the United States voluntarily without expense to the Government, to any country of his choice, within such period of time and under such conditions as the officer in charge of the district deems appropriate and if he fails to depart that he be deported from the United States pursuant to law only on the first charge contained in the order to show cause.